lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case Nos. 96-40002-JAR** |
| ) | **96-40053-JAR** |
| ) | |
| **CHERYL M. GIGLEY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Defendant Cheryl M. Gigley pled guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841. She was sentenced on December 18, 1999, to 120-months imprisonment. Defendant filed a direct appeal, and on April 20, 2000, the Tenth Circuit reversed and remanded for resentencing. On November 28, 2000, defendant was sentenced to 146-months imprisonment.[1]

On October 13, 2005, defendant mailed a letter to the district court, asking the Court to reconsider her sentence and grant early release in light of her successful rehabilitation efforts (Doc. 118). In view of defendant's *pro se* status, the Court construes her letter as a motion for reduction of sentence under 18 U.S.C. § 3582(c).[2] As explained below, the motion is denied.

---

[1] Defendant also pled guilty to one count of failure to appear at her resentencing hearing in violation of 18 U.S.C. § 3146(a), and was sentenced to a term of 5-months imprisonment in Case No. 96-40053, to be served consecutively to the term of imprisonment in this case.

[2] District courts may not recharacterize a *pro se* litigant's post-conviction motion as a 28 U.S.C. § 2255 motion unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion. *United States v. Martin*, 357 F.3d 1198, 1199-1200 (10th Cir. 2004) (citing *Castro v. United States*, 540 U.S. 375 (2003)). In this case, however the one-year deadline for filing a § 2255 motion has expired.

Defendant asks the Court to modify and reduce her sentence upon consideration of her successful post-sentence rehabilitation efforts. Defendant represents that she has put over 2,000 hours into a prison welding apprenticeship and the Prisoners Assisting with Support Dogs program (PAWS). She completed correspondence training as a veterinary assistant in July 2005, and plans a career in support dog training after her release from prison. Defendant asks the Court to reconsider her sentence and grant an earlier release.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[3] As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[4]

If the defendant's argued basis does not fall within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the defendant's request.[5] None of the

---

[3] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[4] *United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[5] *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

avenues set forth above apply to this case.  Although the Court commends defendant for her rehabilitative efforts and accomplishments since her conviction, it does not find that it has the power to reduce her sentence.  Defendant's motion must be denied.

IT IS THEREFORE ORDERED that defendant's motion for reduction of sentence in Case No. 96-40002 (Doc. 118) and in Case No. 96-40053 (Doc. 73) is DENIED.

IT IS SO ORDERED.

Dated this  2nd  day of December 2005.

 S/ Julie A. Robinson

Julie A. Robinson
United States District Judge